UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANTEL H. SIMMONS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 13-34-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 3, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANTEL H. SIMMONS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 13-34-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Shantel H. Simmons brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance and supplemental security income benefits ("SSI").

Based on the applicable standard of review and the analysis which follows, the Commissioner's decision should be affirmed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive

and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

3

claimant shows at step four that he is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 34 years old at the time of the administrative law judge's ("ALJ") decision.[2] Plaintiff went to high school through the tenth grade, and also received training as a certified nurse's assistant. AR pp. 155, 183. Before applying for disability benefits, the plaintiff had been employed in numerous different jobs - candy packer, cook, deli worker, cashier, line worker at a chicken processing plant, nurse's assistant, and self-employed cosmetologist. AR pp. 39-44, 183, 198-205. In her applications for disability and SSI benefits, the plaintiff alleged that she was disabled and no longer able to work in August 2010 as a result of multiple impairments - a sleep disorder, high blood pressure, numbness in her hands and feet, headaches, and lower back pain. AR pp. 41, 44-48, 182.

After her application was denied at the initial stages, the

---

[2] Plaintiff's age placed her in the category of "younger person." 20 C.F.R. §§ 404.1563(c); 416.963(c).

plaintiff requested an ALJ hearing after which the ALJ issued an unfavorable decision. AR pp. 13-64.[3] The ALJ found at the second step that the plaintiff had a combination of severe impairments – essential hypertension, obesity,[4] neuropathy of the left ulnar nerve, idiopathic peripheral neuropathy, sleep apnea, and migraines.[5] AR p. 18. At the third step the ALJ specifically considered two categories of listed impairments related to the plaintiff's conditions, and also considered the plaintiff's obesity and hypertension as required by the regulations. AR p. 20. The ALJ concluded the plaintiff's combination of severe impairments did not meet or medically equal the severity any listed impairment at step three.[6]

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff was able to do any of her past relevant

---

[3] Plaintiff exhausted her administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

[4] In April 2011 the plaintiff weighed 273 pounds. Plaintiff's height is approximately 66 inches. AR pp. 290, 295.

[5] Based on the record and the mental status examination report of David D. Clark, Ed.D., the ALJ found the plaintiff's alleged mental impairment – affective disorder – was not severe under the standard of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). AR pp. 14, 69-70, 295-97. Plaintiff did not contest this finding in her appeal.

[6] In her appeal the plaintiff did not assert any ALJ error at the third step.

5

work or other work in the national economy.[7] The ALJ found that the plaintiff had the ability to perform light work, except that she could never squat, or climb ladders, ropes, and scaffolds; could occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, perform handling with both hands, and frequently balance.[8] AR p. 61. Given this RFC, and based on the testimony of vocational expert Patricia Knight, the ALJ concluded that the plaintiff was not able to engage in any past relevant work. AR p. 23. However, considering Knight's expert testimony that the plaintiff would be able to make a successful adjustment to other work that exists in significant numbers in the national economy – counter clerk and usher, at the fifth step the ALJ found that the plaintiff was not disabled.[9]

---

[7] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545; § 416.945.

[8] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b); 416.967(b).

[9] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications. It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist
(continued...)

In her appeal memorandum the plaintiff argued the following administrative errors require reversal and remand under sentence four of § 405(g): (1) without good cause and in violation of the regulations, the ALJ rejected the opinion of her treating physician Dr. Charles Genovese; (2) the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to include limitations/restrictions related to two of the plaintiff's severe impairments - sleep apnea and migraines; and (3) because the RFC lacked substantial evidence the vocational evidence based on it cannot support the finding at the fifth step that the plaintiff can do other work.

## Analysis

**The ALJ did not commit reversible error in weighing the doctor's reports and opinions or the evidence as a whole.**

Plaintiff argued the ALJ erred in weighing the medical reports and doctors' opinions. Plaintiff focused on the ALJ's determination to give little weight to the opinions of her treating physician, Dr. Genovese, and give greater weight to the reports and opinions of Dr. Cristino Dijamco, the physician who performed a consultative examination, and Dr. Charles Lee, the non-examining state agency medical consultant.[10]

---

[9](...continued)
only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy. 20 C.F.R. §§ 404.1566(a) and 416.966(a).

[10] AR 71-74 (RFC assessment by Dr. Lee); AR pp. 289-92 (Dr. (continued...)

The legal principles governing the review of a claim that the ALJ erred in weighing the doctors' medical reports and opinions are well-established. Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d at 455-56. An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d at 1057.

The regulations also state that when the ALJ finds the medical opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion. These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization. 20 C.F.R. §§ 404.1527©) and (d); §§ 416.927©) and (d); SSR 96-2p; *Newton*, 209 F.3d at 456. Nevertheless, the ALJ need not consider each of the factors where

---

[10](...continued)
Dijamco's consultative examination and evaluation dated February 12, 2011); AR pp. 308-10 (April 25, 2011 physical capacity evaluation by Dr. Genovese).

8

there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another. *Id.,* at 458; *Walker v. Barnhart*, 158 Fed.Appx. 534 (5th Cir. 2005).

A medical source's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d); § 416.927(d). Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

In her decision the ALJ gave a detailed summary of the medical evidence and reports, including those of Drs. Genovese, Dijamco and Lee. After considering their opinions in light of all the evidence, the ALJ gave little weight to Dr. Genovese's assessment, and greater weight to the findings of Drs. Dijamco and Lee. In reaching these conclusions the ALJ complied with the relevant legal standards and her findings were supported by substantial evidence.

Insofar as the plaintiff argued the ALJ gave no weight to Dr. Genovese's opinion, that argument is not supported by the record. The ALJ's RFC finding shows the ALJ did give some weight to Dr.

Genovese's evaluation of the plaintiff's abilities. This is evident from the fact that the ALJ did not completely adopt Dr. Lee's assessment that the plaintiff had the ability to perform light work unaffected by any non-exertional limitations. Instead, the ALJ found that the plaintiff's ability to do light work was impeded by additional non-exertional limitations - the inability to squat, or climb ladders, ropes and scaffolds; the ability to climb ramps and stairs, stoop, kneel, crouch, crawl and perform handling with both hands only occasionally. The RFC finding also shows that the ALJ credited Dr. Genovese's finding that the plaintiff could never squat,[11] rather than Dr. Lee's finding that the plaintiff could do so occasionally.[12] AR pp. 20, 71-73, 309.

Furthermore, the record contains substantial evidence showing there was good cause to give less weight to opinion of Dr. Genovese. As noted by the ALJ, while the medical tests established the plaintiff's impairments, the contemporaneous treatment records of Dr. Genovese contained very little objective information and findings that supported the extent of limitations/restrictions

---

[11] Dr. Dijamco also noted in his report that the plaintiff was unable to squat. AR p. 291.

[12] Plaintiff also argued that Dr. Lee's opinion did not account for the affects of several of her impairments. However, a review of the record as a whole does not support this conclusion. The information and evidence provided to Dr. Lee shows that he considered hypertension, neuropathy, sleep apnea and migraines in his evaluation of the plaintiff's ability to perform work-related activities. AR pp. 67-74, 298-99.

10

contained in his April 2011 evaluation.[13] The ALJ noted that the lack of significant physical findings throughout the plaintiff's treatment history was consistent with the examination report by Dr. Dijamco. The record also reflects the plaintiff reported at her February 26, 2011 mental status examination that she "has (sic) all activities of daily living and is able to care for herself. She provides food preparation, housekeeping, laundry and shopping for herself and her children." AR p. 295. This statement is inconsistent with the significant limitations in her daily activities the plaintiff reported at the hearing and in her disability report.[14]

Finally, the plaintiff argued that the ALJ was required to, but failed to, apply the six factors under *Newton*. This argument is also without merit for two reasons: (1) unlike in *Newton*, the ALJ did not completely reject Dr. Genovese's opinions; and, (2) when there is competing first-hand medical evidence, the ALJ is not required to discuss every factor listed in the regulations in considering a treating physician's opinion. *Zimmerman v. Astrue*, 288 Fed.Appx. 931 (5th Cir. 2008). There was competing first-hand medical evidence in this case.[15] Moreover, as explained above, the

---

[13] AR pp. 22, 243-87, 313-23.

[14] See, AR pp. 48-50, 190-92.

[15] Plaintiff appeared to argue that the competing first hand medical evidence must contain an opinion on the claimant's physical functioning. The case law does not indicate that the other first-hand evidence considered or relied on by the ALJ must contain an
(continued...)

11

ALJ gave a detailed explanation of the evidence and reasons for not fully crediting Dr. Genovese's statements regarding the plaintiff's limitations. The analysis above demonstrates that in weighing the evidence the ALJ applied the proper legal standards, and there is substantial evidence to support her findings.[16]

**The ALJ did not fail to include in the RFC finding limitations related to the severe impairments of sleep apnea and migraines.**

Plaintiff argued the ALJ committed reversible legal error because she determined that sleep apnea and migraine headaches were two of the plaintiff's severe impairments, but did not include limitations attributable to these impairments in the RFC finding. Plaintiff argued this is evident in the RFC finding because the finding does not contain specific limitations related to daytime

---

[15](...continued)
opinion on the plaintiff's ability to perform work-related activities. *See, Zimmerman, supra; Walker*, *supra; Cain v. Barnhart*, 193 Fed.Appx. 357 (5th Cir. 2006).

[16] Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings. Even if substantial evidence supports the claimant's position this is not a ground for reversal. As long as the finding or decision is supported by substantial evidence in the record as a whole it must be affirmed. § 405(g); *see, Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972)(as long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palomino v. Barnhart,* 515 F.Supp.2d 705, 710 (W.D.Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision upheld as long as there is substantial evidence to support it).

12

sleepiness, general fatigue or the need to recline. According to the plaintiff, the ALJ's finding that sleep apnea and migraines are severe impairments required at a minimum that the ALJ accept her testimony as credible with regard to these limitations and include them in the RFC finding.

Plaintiff's argument is unsupported for two reasons: (1) it is apparent from the ALJ's decision that in reaching her determination of the plaintiff's RFC the ALJ specifically considered the plaintiff's sleep apnea and migraines;[17] and, (2) the plaintiff did not cite any legal authority to support this claim of error, and the argument is contrary to the law and regulations. It is well-established that the mere diagnosis of an impairment, or a finding of a severe impairment, does not automatically establish the existence of functional limitations as a result of that impairment.[18] Therefore, the ALJ was not required to accept the plaintiff's testimony as to the effects and functional limitations these impairments caused. The ALJ was free to consider and weigh all the evidence and decide whether the limitations reported by the plaintiff were credible. The ALJ engaged in this analysis and concluded that the plaintiff's was not fully credible. The evidence discussed and relied on by the ALJ shows that this credibility finding was supported by substantial evidence.

---

[17] AR pp. 21-22.

[18] *See*, *Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir. 1983); *Doddy v. Commissioner*, 2014 WL 1268567 (E.D. Tex. March 27, 2014); *Ramsey v. Astrue*, 2012 WL 3257860 (W.D. La. July 12, 2012).

**The ALJ's finding that the plaintiff was not disabled at the fifth step was supported by substantial evidence.**

Plaintiff's claim of reversible error at the fifth step rested on her claim of error in the RFC finding.[19] Because there was no error in the RFC finding, there is no basis to find that the hypothetical question given to the vocational expert did not reasonably incorporate all of the plaintiff's limitations recognized by the ALJ. Because the plaintiff's capacity to perform light work was reduced by non-exertional limitations, the ALJ properly obtained the testimony of a vocational expert to determine whether there was other work existing in the national economy that the plaintiff could perform.[20] In response to the ALJ's questions Knight testified that there were numerous occupations existing in significant numbers in the national economy that the plaintiff would be able to do - counter clerk and usher. AR pp. 24-25, 58-63. This vocational evidence constitutes substantial evidence to

---

[19] Record document number 10, pp. 25-26.

[20] It is well established that if a claimant has nonexertional limitations the ALJ is required to obtain vocational expert testimony to support the findings at step five. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). Under *Bowling* the hypothetical question posed to the expert must incorporate reasonably all the impairments and limitations of the claimant recognized by the ALJ, and the claimant or his representative must be given the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting any purported defects in the question. The impairments and limitations of the claimant recognized by the ALJ and included in his question must be supported by the evidence. *Bowling*, 36 F.3d at 436; *Boyd*, 239 F.3d at 707; *Carey*, 230 F.3d at 145; *Masterson*, 309 F.3d at 273. The record reflects that the plaintiff's attorney was given a full opportunity to question the expert. AR p. 63.

support the ALJ's finding at the fifth step that the plaintiff is not disabled within the meaning of the Social Security Act.

## Conclusion

Plaintiff's claims of error are not supported by the record. The record considered as a whole supports finding that the ALJ applied the proper legal standards and substantial evidence supports her determination at the fifth step that the plaintiff is not disabled.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of the Acting Commissioner of Social Security Carolyn W. Colvin, denying the applications for disability and supplemental security income benefits filed by plaintiff Shantel H. Simmons, be affirmed and this action be dismissed.

Baton Rouge, Louisiana, November 3, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE